twelfth section of the bankrupt act, which reads as follows: "If the debtor dies after the issuing of the warrant the proceedings may be continued and concluded in like manner as if he had lived."

It is contended on the part of the bankrupt, therefore, that, notwithstanding his death, a discharge from his debts should be granted, but on an examination of the 29th section it will be found that no discharge shall be granted to any bankrupt until he shall take and subscribe an oath to the effect that he has not done, suffered, or been privy to any act, matter, or thing specified in this act as a ground for withholding such discharge, or as invalidating such discharge if granted.

This oath never having been taken by the bankrupt prior to his decease, and that being a condition precedent to the granting of the discharge, I am of opinion that the discharge cannot be granted. There is no authority in the court to grant the discharge until this oath has been taken by the bankrupt himself. No person can take it for him. The language of the last clause of the 12th section, although very comprehensive, must therefore be taken as applying to such proceedings as may be taken by the assignee or other parties in settling the estate, as the making of dividends, and so forth.

---

QUINLAN (FRY v.).    See Case No. 5,140.

---

## Case No. 11,515.

In re QUINN.

[The case reported under above title in 3 Am. Law T. Rep. U. S. Cts. 180, is the same as Case No. 16,110.]

---

## Case No. 11,516.

QUINN v. The TRANSPORT et al.

[1 Ben. 86.] [1]

District Court. E. D. New York. Nov., 1866.

COLLISION — EXCEPTIONS TO LIBEL — PLEADING IN BEHALF OF VESSELS INJURED WHILE IN TOW —FULL STATEMENT OF FACTS.

1. A canal-boat in tow of a steamboat was injured in a collision with another steamboat. The owner of her filed a libel against both vessels, in which he did not set out the facts of the collision, though the movements of the vessels were seen by a person on board the canal-boat. The claimants excepted to the libel. *Held*, that exceptions to a pleading in admiralty have the effect of a demurrer, and also that of a motion to make the pleading more definite and certain.

[Cited in The M. M. Hamilton, Case No. 9,-685.]

2. To make cases of collisions like this exceptions to the general rule, which requires a full statement of the facts of the collision, would be to permit the parties to come to trial without any preliminary statement from either party,

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

which would be of any assistance to the court, or would apprise the parties most in interest, of the facts which they are called on to meet.

[Cited in The M. M. Hamilton, Case No. 9,-685.]

3. Whether such exceptional pleading might be allowed where the libellant was unable to give any statement of the facts of the collision— quere.

4. The present is not such a case, and the libel must be reformed by setting forth as far as practicable, the material circumstances attending the collision in question.

[This was a libel by Patrick Quinn against the steamboat Transport and the propeller W. E. Cheney.] This case came up on exceptions to the libel as being defective in not setting out the facts of the collision which occasioned the damage, to recover which the suit was brought.

Emerson, Goodrich & Knowlton, for libellants.

C. F. Sanford, for claimants.

BENEDICT, District Judge. Exceptions to a pleading in admiralty have the effect of a demurrer, and also that of a motion to make more definite and certain, and are properly resorted to in a case like the present, where the libellant in a collision case has contented himself with simply stating a bare cause of action, and has omitted the full and frank narrative of the material circumstances attending the accident, which the general practice of the admiralty requires in cases of this description.

The manner of pleading adopted by this libellant is sought to be defended upon the ground that the action is one brought against two steamboats for injuries sustained by a canal-boat while in tow alongside of one of them, she being thus a mere passive object, not able to take any measures of her own to avoid the collision, and not responsible for the movements of either of the others; and it is contended that in such case the libellant is not called on to set forth anything more than the fact that his vessel was in tow of one of the steamboats, and was injured in a collision occurring between her and the other steamboat.

I cannot give my assent to this doctrine, to the extent claimed here. In this case the averments of the libel indicate that the collision and the antecedent movements of the steamboats were seen by a person or persons on board and in charge of the canal-boat; and I am unable to see why the circumstances as thus seen should not be set forth for the information of the court, and to save labor in proving facts about which there may be no dispute, as well in this as in any case. The reason of the rule, which is applied in all ordinary cases of collision, would seem to exist in full force in these triangular cases, in which, above all others, the need of a full statement of the facts is felt. To make these cases exceptions to the general rule, as claimed, would be to